# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# EL PASO DIVISION

| | | |
|---|---|---|
| ROSA CHAVEZ AYERS, | § | |
| Reg. No. 67109-280, | § | |
|     Movant, | § | |
| | § | EP-16-CV-450-PRM |
| V. | § | EP-10-CR-2634-PRM-2 |
| | § | |
| UNITED STATES OF AMERICA, | § | |
|     Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

On this day, the Court considered Movant Rosa Chavez Ayers's "Motion Under 28 U.S.C. § 2255 to Correct/Modify Sentence Pursuant to U.S.S.G. App. C. Amend. 794" (ECF No. 130)[1] [hereinafter "Motion"], filed on October 19, 2016, in the above-captioned cause. Therein, Movant seeks relief from a sentence the Court imposed after she pleaded guilty, pursuant to a plea agreement, to conspiracy to possess, with the intent to distribute, five kilograms or more of cocaine.[2] Movant asks the Court to resentence her as a "minor" participant in the conspiracy, in accordance with the changes

---

[1] "ECF No." refers to the Electronic Case Filing number for documents docketed in EP-10-CR-2634-PRM-2.

[2] Mot. 1.

-1-

announced in Amendment 794 to the Sentencing Guidelines.[3]  For the reason

discussed below, the Court will dismiss the Motion.

Movant filed two prior § 2255 motions—one on June 12, 2012,[4] and the

other on July 16, 2013.[5]  The Court denied the first motion with prejudice on

its merits on June 21, 2012.[6]  The Court also denied the second motion on

August 7, 2013, but did so without prejudice and for the same reason the

Court denies the instant Motion—the Court lacked jurisdiction to adjudicate

it because Movant failed to seek the requisite certification from the Fifth

Circuit.[7]

Before a movant may proceed with a second or successive § 2255

motion, a court of appeals panel must first certify that it (1) contains "newly

discovered evidence that . . . would be sufficient to establish by clear and

---

[3] *See* U.S. SENTENCING GUIDELINES MANUAL, suppl. to app. C, amend. 794
(U.S. SENTENCING COMM'N 2015) (modifying the commentary to Sentencing
Guideline § 3B1.2 to address inconsistencies in the application of the
guideline and to provide the district courts with additional guidance in
determining whether they should grant "minor role" adjustments).

[4] First Mot. to Vacate, June 12, 2012, ECF No. 96.

[5] Second Mot. to Vacate, July 16, 2013, ECF No. 116.

[6] J., June 21, 2012, ECF No. 99.

[7] J., Aug. 7, 2013, ECF No. 118.

convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to collateral review by the Supreme Court, that was previously unavailable."[8]  These restrictions eliminate "the need for the district courts to repeatedly consider challenges to the same conviction unless an appellate panel first f[in]d[s] that those challenges ha[ve] some merit."[9]

Because there is nothing in the record to indicate that Movant sought and received the appropriate certification from the Fifth Circuit prior to filing her third § 2255 Motion, or that she has obtained the necessary certification since filing her Motion, the Court finds it is without jurisdiction to entertain

---

[8] 28 U.S.C. § 2255(h) (2012). *Cf. Gonzalez v. Crosby*, 545 U.S. 524, 529–30 (2005) ("The relevant provisions of the [Antiterrorism and Effective Death Penalty Act] amended habeas statutes, 28 U.S.C. §§ 2244(b)(1)–(3), impose three requirements on second or successive habeas petitions:  First, any claim that has already been adjudicated in a previous petition must be dismissed. § 2244(b)(1).  Second, any claim that has not already been adjudicated must be dismissed unless it relies on either a new and retroactive rule of constitutional law or new facts showing a high probability of actual innocence. § 2244(b)(2).  Third, before the district court may accept a successive petition for filing, the court of appeals must determine that it presents a claim not previously raised that is sufficient to meet § 2244(b)(2)'s new-rule or actual-innocence provisions.  § 2244(b)(3).").

[9] *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (citing *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998)).

it.[10]  In light of this finding, the Court will dismiss Movant's instant Motion. This dismissal, however, is without prejudice to Movant's right to submit a motion for leave to file a second or successive § 2255 motion in the Fifth Circuit. [11]

Further, a petitioner may not appeal a final order in a habeas corpus proceeding "[u]nless a circuit justice or judge issues a certificate of appealability."[12]  To warrant a grant of the certificate as to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and . . . whether the

---

[10] *See In re Tatum*, 233 F.3d 857, 858 (5th Cir. 2000) ("Before a successive 28 U.S.C. § 2255 motion may be filed in district court, the movant must obtain authorization from this court for the district court to consider the movant's successive § 2255 motion.  28 U.S.C. § 2244 (b)(3)(A), § 2255."); *Key*, 205 F.3d at 774 ("[Section] 2244(b)(3)(A) acts as a jurisdictional bar to the district court's asserting jurisdiction over any successive habeas petition until this court has granted the petitioner permission to file one."); *United States v. Rich*, 141 F.3d 550, 553 (5th Cir. 1998) (upholding dismissal of § 2255 motion where movant had not sought or acquired certification from the Fifth Circuit to file a second or successive § 2255 motion).

[11] *See* Local Rule 3(b)(6) ("A second or successive petition for habeas corpus relief or motion for relief pursuant to 28 U.S.C. § 2255 will be dismissed without prejudice unless accompanied by a certificate issued by a panel of the Fifth Circuit.").

[12] 28 U.S.C. § 2253(c)(1)(B) (2012).

district court was correct in its procedural ruling."[13]  Here, the Court finds

that jurists of reason would not debate the Court's procedural ruling.  Based

on this finding, the Court will deny Movant a certificate of appealability.[14]

Accordingly, **IT IS ORDERED** that Movant's "Motion Under 28 U.S.C.

§ 2255 to Correct/Modify Sentence Pursuant to U.S.S.G. App. C. Amend. 794"

(ECF No. 130) is **DENIED**.

**IT IS FURTHER ORDERED** that civil cause EP-16-CV-450-PRM is

**DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Movant is **DENIED** a

**CERTIFICATE OF APPEALABILITY**.

**IT IS FINALLY ORDERED** that the **DISTRICT CLERK** shall

**CLOSE** this case.

SIGNED this ___28___ day of **October, 2016**.

**PHILIP R. MARTINEZ**
**UNITED STATES DISTRICT JUDGE**

---

[13] *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (applying *Slack* to a certificate of appealability determination in the context of § 2255 proceedings).

[14] *See* 28 U.S.C. foll. § 2255 R. 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.").